In the Matter of Norman Christian K., an Infant. Derrick B., Appellant; Saint Dominic's Home, Respondent. [876 NYS2d 365]—

Resettled order, Family Court, Bronx County (Gayle P. Roberts, J.), entered on or about September 21, 2007, which, to the extent appealed from, determined, after a hearing, that respondent father was not a person whose consent to his child's adoption was required, unanimously affirmed, without costs.

Respondent's consent to the adoption of his child was not required since he did not maintain "substantial and continuous or repeated contact with the child" (Domestic Relations Law § 111 [1] [d]). The record shows that respondent failed to provide financial support according to his means while the child was in foster care (*see Matter of Margaret Jeanette P.,* 30 AD3d 359 [2006]; *Matter of Christopher Robert T.,* 303 AD2d 759, 760 [2003] [respondent father's argument that he failed to contribute financial support to his children because he was never ordered to do so by the court was rejected]), and he did not visit his son at least monthly or, as here, when visitation was not possible, communicate regularly with him or his custodian (*see Matter of Pedro Jason William M.,* 45 AD3d 431 [2007], *lv dismissed and denied* 10 NY3d 804 [2008]). Accordingly, respondent never acquired a constitutionally protected interest (*see Lehr v Robertson,* 463 US 248, 262 [1983]). Contrary to respondent's contention, the statute does not require the agency to encourage an unwed father to perform the acts specified therein (*see* Domestic Relations Law § 111 [1] [d]). Concur—Saxe, J.P., Friedman, Sweeny, Renwick and Freedman, JJ.